COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
NO. 2-03-121-CV

IN THE MATTER OF C.Q.

------------
 
FROM THE 323RD 
DISTRICT COURT OF TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        In 
one point, Appellant argues that the trial court abused its discretion by 
committing him to the Texas Youth Commission (“T.Y.C.”) because the trial 
court’s finding that Appellant’s educational needs would be met by T.Y.C. 
was not supported by any evidence. We will not reverse the trial court's 
decision unless the court abused its discretion.[2]  
An abuse of discretion does not occur as long as some evidence of substantive 
and probative character exists to support the trial court's decision.[3]
        Appellant 
challenges one of the trial court’s four listed reasons for committing him to 
T.Y.C. The challenged reason is, “The Court finds that the educational needs 
of the child can be met by [T.Y.C.].” It is true that no evidence was admitted 
to support this reason. The reason, however, is an accurate statement of law.[4]  As a statement of law, it needs no evidence for 
support. Appellant does not challenge any other reason. Additionally, he does 
not challenge any mandatory findings.[5]  
Consequently, we hold that the trial court did not abuse its discretion in 
committing Appellant to T.Y.C. We overrule his sole point and affirm the trial 
court’s commitment order.


                                                        LEE 
ANN DAUPHINOT
JUSTICE

PANEL B:   DAUPHINOT 
and HOLMAN, JJ.; and SAM J. DAY, J. (Retired, Sitting by Assignment).

DELIVERED: January 15, 2004
 

NOTES
1. 
See Tex. R. App. P. 47.4.
2. 
In re C.J.H., 79 S.W.3d 698, 702 (Tex. App.—Fort Worth 2002, no pet.).
3. 
Id.
4. 
See 37 Tex. Admin. Code 
§§ 85.3(h), 87.3(g), 91.1, 91.41, 91.43, 91.45 (2003) (all describing the 
obligations of T.Y.C. to provide for the education of the children in its 
custody).
5. 
See Tex. Fam. Code Ann. § 
54.04 (c), (i) (Vernon Supp. 2004).